UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STACEY CAMP
aka STACEY GRESHAM
Plaintiff,

Case No. 1:14-cv-675

Barrett, J.
Litkovitz, M. J.

vs.

TRIHEALTH ASSOCIATES/
BETHESDA HOSPITAL,
Defendant.

REPORT AND
RECOMMENDATION

Plaintiff Stacey Camp (aka Stacey Gresham), proceeding pro se, brings this action under 42 U.S.C. 2000e-5(f)(1) against her former employer claiming retaliation and discrimination in violation of 42 U.S.C. § 2000e, *et seq.* (Title VII). This matter is before the Court on defendant's motion to dismiss the complaint (Doc. 11), which is unopposed. For the reasons that follow, the undersigned recommends that defendant's motion to dismiss be granted.

**I. Background**

Plaintiff filed her complaint in this matter on August 26, 2014. (Doc. 3). The complaint asserts claims against defendant Trihealth Associates/Bethesda Hospital (Trihealth) for violations of plaintiff's rights under Title VII. The complaint sets forth the following allegations: Plaintiff was employed at Trihealth from October 2012 until she resigned in January 2014. Prior to resigning, plaintiff began to feel increasingly uncomfortable at work. Plaintiff spoke to her manager Barbara Smith, Ms. Smith's manager, and defendant's human resources consultant. Plaintiff presented several resignation letters to her manager, who suggested that plaintiff reconsider and stay on each time. Plaintiff received a negative marking on her

"MedVerify" report indicating that she abandoned her position, and she was denied a full-time position because of the marking.

The complaint includes several attachments which plaintiff states pertain to her efforts to resolve her issues at work and which she alleges support her discrimination and retaliation claims. The documents include an Equal Employment Opportunity Commission (EEOC) charge which plaintiff filed with the Ohio Civil Rights Commission (OCRC) on July 28, 2014. (Doc. 3-1 at 2). The charge includes the following allegations: Plaintiff is a Certified Medical Assistant who began experiencing retaliation after she filed a complaint against a coworker which resulted in the coworker's discharge. The "retaliation" led plaintiff to advise Ms. Smith of her intention to resign. Ms. Smith would not accept plaintiff's resignation, stating that she needed plaintiff to work until another employee returned from leave. Ms. Smith made a "derogatory remark" and plaintiff submitted her final resignation. Plaintiff has been unable to obtain another job because of an "unfavorable and inaccurate reference." (*Id.*).

Plaintiff has also attached the following documents to the complaint: copies of several emails plaintiff exchanged with defendant's human resources consultant in which plaintiff complained about behavior by her coworkers which she believed to be unprofessional and disrespectful (Doc. 3-1 at 15-23); a letter dated February 18, 2013, in which plaintiff requested a transfer to a different department based on her complaint that a doctor had "become enraged" and "yell[ed]" at plaintiff for keeping a patient waiting (*Id.* at 12); a resignation letter by plaintiff from that same date (*Id.* at 11); an internal "Employee Statement Form" dated May 1, 2013, in which plaintiff complained about her coworkers speaking to her in a "demeaning, condescending tone," making "sarcastic comments," and "snickering," among other similar complaints (*Id.* at 8-

10); and a letter requesting defendant to change the marking on plaintiff's "MedVerify report" to reflect she had resigned her position as opposed to abandoning it (*Id.* at 5).

Defendant moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground it fails to state a claim upon which relief can be granted under Title VII. (Doc. 11). Defendant alleges that the pro se complaint, even when given the most generous construction and considered in conjunction with the attached exhibits,[1] fails to state any facts showing that defendant engaged in conduct prohibited under Title VII. Plaintiff has not filed a response to defendant's motion to dismiss.

## II. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). The reviewing court must accept as true the plaintiff's factual allegations but need not accept as true the plaintiff's legal conclusions or unwarranted factual inferences. *Gean v. Hattaway*, 330 F.3d 758, 765 (6th Cir. 2003). When construing the complaint of an individual proceeding pro se, the Court must bear in mind that pro se pleadings are held to less stringent standards than formal

---

[1] Exhibits that are attached to a pleading form part of the pleading. Fed. R. Civ. P. 10(c). The reviewing court should consider the information in those exhibits when deciding whether to grant a Rule 12(b)(6) motion. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

pleadings drafted by lawyers. *Montgomery v. Huntington Bank,* 346 F.3d 693, 697 (6th Cir. 2003).

**III. The Motion to Dismiss the Complaint Should be Granted**

Defendant premises its motion to dismiss the complaint on plaintiff's failure to allege any facts which show that defendant or any of its employees engaged in conduct prohibited under Title VII. The Court finds that even when liberally construed, plaintiff's complaint fails to allege any facts which, if accepted as true, permit an inference that defendant engaged in unlawful discrimination or retaliation against plaintiff.

Title VII prohibits discrimination in employment on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. §§ 2000e-2(a)(1); *see also* 29 C.F.R. § 1614.101(a). Although plaintiff is not required to present evidence or plead facts establishing the elements of her prima facie case in order to state a claim to relief for discrimination, plaintiff is required to plead sufficient facts that provide fair notice to defendant of her claim for discrimination and the grounds upon which it rests. *See Gambill v. Duke Energy Corp.,* No. 1:06-cv-00724, 2007 WL 2902939, at *4 (S.D. Ohio Oct. 2, 2007) (*citing Swierkiewicz v. Sorema,* 534 U.S. 506 (2002)). *See also Nader v. Blackwell,* 545 F.3d 459, 470 (6th Cir. 2008) (to withstand a Rule 12(b)(6) motion to dismiss, the complaint must provide fair notice to defendant of the claim and the grounds for the claim) (citing *Erickson v. Pardus,* 551 U.S. 89, 93 (2007)).

Here, plaintiff's complaint fails to give defendant fair notice of her discrimination claim and the basis for her claim. There are no allegations in the complaint that provide any indication of the basis for plaintiff's discrimination claim. Plaintiff makes one brief mention of discrimination in the complaint, stating that emails to support her claim of discrimination are attached to the complaint. (Doc. 3 at 3). However, the attachments to the complaint do not

4

reference any alleged discriminatory acts. Those documents show only that plaintiff complained that she was the target of demeaning and unprofessional comments and behavior by her coworkers. (Doc. 3-1 at 8-10, 12, 15-23). There is no suggestion that plaintiff believed the treatment she complained about was based on her membership in a protected class. For these reasons, plaintiff has failed to state a claim for discrimination under Title VII.

Plaintiff has also failed to state a claim for retaliation under Title VII. Title VII prohibits an employer from retaliating against an employee by taking an adverse employment action against the employee "because [s]he has opposed any practice made an unlawful employment practice by [Title VII], or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a); *see also* 29 C.F.R. § 1614.101(b). The retaliation provision "protects employees from conduct that would have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 720 (6th Cir. 2008) (citing *Burlington Northern & Santa Fe Railway Co. v. White,* 548 U.S. 53, 62-67 (2006)). Plaintiff's complaint and supporting documents do not include allegations which permit an inference that plaintiff was discriminated against because she opposed a practice made unlawful by Title VII or because she participated in an investigation or proceeding under Title VII. *See* 42 U.S.C. § 2000e-3. Plaintiff alleges in her EEOC charge that she filed "a complaint against a coworker" which led to that employee being discharged, plaintiff subsequently began experiencing retaliation, and the retaliation led her to advise her manager of her intention to resign. (Doc. 3-1 at 2). Plaintiff has not identified the nature of the complaint she made against her coworker. There is no indication that the complaint related to an unlawful employment practice under Title

5

VII or that the complaint was made in the context of an investigation or proceeding under Title VII. Accordingly, plaintiff's allegations fail to state a claim for retaliation under Title VII.

## V. Conclusion

Plaintiff has not pled sufficient facts to provide fair notice to defendant of her claims for discrimination and retaliation and the grounds upon which those claims rest. Plaintiff's complaint should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's motion to dismiss the complaint (Doc. 11) be **GRANTED** and this case be **DISMISSED.**

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* to the Court of Appeals. *See Callihan v. Schneider,* 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 3/4/15

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STACEY CAMP,
Aka STACEY GRESHAM
Plaintiff,

Case No. 1:14-cv-675

Barrett, J.
Litkovitz, M. J.

vs.

TRIHEALTH ASSOCIATES/
BETHESDA HOSPITAL,
Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of these objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).